STEVENS AND HOAG, Overseers of the Poor of the town of Dover, *against* LORETTA HOWARD.

IN ERROR on *certiorari.* *Loretta Howard* brought an action of *assumpsit* in the court below, against *Stevens* and *Hoag,* overseers of the poor of the town of *Dover,* and declared against them, on a promise to pay the plaintiff for the maintenance and support, by the plaintiff, of two bastard children, at the instance and request of the defendants. The defendants pleaded the general issue; and the plaintiff then gave verbal notice to the defendants, to produce two certain orders concerning two certain bastard children, born of the body of the said *L. Howard,* the plaintiff below. The defendants objected to the notice as being *verbal,* and void for *uncertainty.* The justice gave no decision on the point, but the cause was adjourned, and a *venire* issued. On the day of the trial, which was in *January,* 1814, the plaintiff renewed the call for the orders in the same words as before, or that she be permitted to give parol evidence of their contents; the same objection was again made by the defendants, but was overruled. Parol evidence was then given of an order made by two justices, in *March* or *April,* previous to the trial of the cause, against one Justice *Bond,* for the maintenance of a bastard child, born of *Loretta Howard,* directing him to pay fifty cents per week, which order was said by the witness to be in the common form: also, of another order made in *November* preceding, against the said *Bond,* directing him to pay to the overseers of the poor of the town of *Dover,* sixty and a half cents per week, toward the maintenance of a bastard child, &c. It was also proved, that the plaintiff took care of the children, but how long, did not appear. The defendants offered to prove that these children were not paupers of the town of *Dover;* but the evidence was refused, on the ground that the orders were conclusive as to the fact, as they were made on the application of the overseers of the poor, and were not appealed from. The jury gave a verdict for the plaintiff, for 25 dollars.

*Per Curiam.* There is no proof whatever appearing upon the return, to show that the bastard children were put into the

Where an order of filiation and maintenance has been made by two justices against the putative father of a bastard child, and the child has been supported and maintained by its mother, an action of assumpsit will not lie against the overseers of the poor, by the mother, for the maintenance and support of the child, without showing an express promise to pay her for the support of it; or that the overseers had received money under the order.

And in such action it is competent for the defendants to show, that the child had no settlement in the town of which they are overseers, notwithstanding the order of the justices was granted on their application.

keeping of the plaintiff by the defendants, or that there was any express promise or engagement on their part, to pay her for their maintenance; nor is there any evidence that the defendants had received any money directed by the orders to be paid for the purpose of the maintenance of the children; and the law will not raise a promise upon the mere naked fact, that orders were made out, admitting such orders were sufficiently proved. This is imposing no hardship upon the mother; she is not bound to keep the children; she could, at any time, throw them upon the overseers of the poor, unless she had made a contract to keep them; and, if so, she was bound to show it, in order to make the defendants personally liable. Besides, it was incumbent upon the plaintiff, to show that these children continued chargeable to the town; for the order, if in the usual form, only directs the payment of the weekly allowance, so long as the bastard children shall be chargeable to the town: so, that it is not necessarily to be inferred that the overseers had received the money upon the orders; and the defendants offered to prove, that the children were not paupers of the town of *Dover*, which was overruled. By this we are to understand, they offered to show that the town was not chargeable with their maintenance. There certainly could be no objection to such proof, if made out legally. In what way it was intended to be made out, does not appear. If the town was not chargeable, the law would certainly raise no obligation upon the overseers of the poor, to defray the expense of their maintenance. The judgment must, therefore, be reversed; and we give no opinion as to the sufficiency of the notice to produce the orders.

Judgment reversed.